**Bob C. WARREN, Plaintiff–Appellant,**

**v.**

**Marten GARN; Lester A. Owczakski; Kathleen Markman, Defendants–Appellees.**

**No. 02–1658.**

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

Bob C. Warren appeals pro se from a district court judgment that dismissed a

civil complaint that he had filed under 28 U.S.C. § 1291. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Warren described his complaint as an "appeal" from the Michigan Supreme Court, which had declined further review of his unemployment benefits case. In particular, Warren alleged that he was denied unemployment benefits because a state referee, the Michigan Employment Security Board, and the state courts had made improper and inconsistent rulings on the issue of whether he was fired from his job. Thus, he asked the district court to reverse the decisions of the referee, the board, and the state courts. The court dismissed the case on April 9, 2002, as Warren had not cited any provision that conferred subject matter jurisdiction on the federal courts to review the denial of state unemployment benefits. It is from this judgment that he now appeals.

A *de novo* review of the record indicates that dismissal was appropriate under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995).

Warren plainly sought to relitigate his unemployment benefits case. However,

direct review of the state court's decision in that case is available only by filing a petition for a writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 509–10 (6th Cir.2000). Thus, the district court properly found that it lacked subject matter jurisdiction over the rulings in Warren's unemployment case.

Warren's current brief summarily refers to several federal statutes, but he has not shown that these statutes authorize federal review of his unemployment case. Warren also continues to argue the merits of his unemployment case and to suggest that the judicial system is corrupt. However, he has not raised any convincing challenge to the district court's rationale for dismissing his case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.